U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 27 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SUNNY DYE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-537-A |
| | § | |
| PORSCHE CARS NORTH AMERICA, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Sunny Dye, Michael Littrell ("Littrell"), Sultan Mahmood ("Mahmood"), Cailin Ringelman, Eric Tiebauer, and Brad Weatherly, to remand. The court, having considered the motion, the response of defendants, Porsche Cars North America, Inc. ("Porsche"), PPP LP d/b/a Park Place Porsche ("Park Place"), and Auto Company VII, Inc. d/b/a Porsche of Plano ("Plano"), the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On May 23, 2016, plaintiffs, minus Mahmood, filed their original petition in the 342nd Judicial District Court of Tarrant County, Texas. On June 9, they amended their petition to add the claims of Mahmood. On June 23, 2016, defendants filed their notice of removal, bringing the action before this court.

This is an action arising out of the issuance of a Notice of Violation by the Environmental Protection Agency concerning the use of emissions testing defeat devices in Porsche diesel vehicles. Plaintiffs are purchasers of Porsche vehicles from Park Place and Plano, who allege that their vehicles contain the defeat devices. They assert causes of action under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA").

In their notice of removal, defendants maintain that Park Place, a Texas resident, was improperly joined to defeat diversity jurisdiction. Plaintiffs have filed a motion to remand, alleging that they have properly stated claims against Park Place.

## II.

### Applicable Legal Principles

A. <u>Removal</u>

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

2

and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

3

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiffs' claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiffs might be able to recover against Park Place.

C. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[2] Rule 8(a)(2) of the Federal

---

[2]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be
(continued...)

4

Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right

---

[2](...continued)
the same if the court were to apply the Texas pleading standard.

to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### III.

### Analysis

In support of their motion to remand, plaintiffs argue that Littrell pleaded that he had purchased his vehicle from Park Place and that Park Place made material representations to him regarding the vehicle. Doc.[3] 7 at 3. They say that Littrell relied on the representations made by Park Place and was damaged due to his reliance. Id. Plaintiffs also refer to Littrell's affidavit, attached as Exhibit 1 to the motion, which more fully spells out the representations allegedly made to him. Contrary to plaintiffs' representations, those allegations are not made in the amended petition. In fact, other than the reference to Park

---

[3]The "Doc." reference is to the number of the item on the docket in this action.

Place in the "Parties" section, and the statement that Littrell purchased a vehicle from Park Place, the amended petition does not contain any factual allegations regarding activities of Park Place. Doc. 1. Only Porsche is individually referenced as the manufacturer and installer of the defeat devices. Otherwise, plaintiffs only refer to "defendants" generically and it is clear that the term has been indiscriminately substituted for the singular form in a number of places.[4]

To state a plausible claim, plaintiffs must set forth specific actionable conduct, that is, there must be a factual fit between the plaintiffs' allegations and the pleaded theory of recovery. Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999); Doucet v. State Farm Fire & Cas. Co., No. 1:09-CV-142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009). The plaintiffs' complaint must contain more than labels and conclusions. Twombly, 550 U.S. at 555. Merely lumping defendants together and reciting a laundry list of statutory violations does not state a plausible claim. Griggs, 181 F.3d at 699; Studer v. State Farm Lloyds, No. 13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014). Rather, to state a DTPA claim, plaintiffs

---

[4] It is apparent that the idea to sue the local dealerships came about after a first lawsuit naming Porsche as the sole defendant was removed to the Dallas Division of the court under Case No. 3:16-CV-1324-B. The parties filed a joint stipulation of dismissal in that case.

must plead the particulars of time, place, contents of the alleged representations, as well as the identity of the persons making the representations and what such persons obtained thereby. <u>Benchmark Electronics, Inc. v. J.M. Huber Corp.</u>, 343 F.3d 719, 724 (5th Cir. 2003); <u>Patel v. Holiday Hospitality Franchising, Inc.</u>, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001). In other words, they must set forth the "who, what, when, where, and how." <u>Benchmark</u>, 343 F.3d at 724. This they have not done.

However, because the affidavit provides facts to show that Littrell might be able to recover against Park Place, the action must be remanded to the state court.

IV.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted.

SIGNED July 27, 2016.

_____
JOHN McBRYDE
United States District Judge